THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM GALATI, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of the crime of book-making, unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and MacCrate, JJ.

HENRY RAMNITZ, Respondent, v. WILLARD STILLWELL et al., Defendants, and JOSEPH ULANO, Appellant.— Appeal by defendant Joseph Ulano from an order granting respondent's motion for the examination of appellant and three others to enable respondent to frame a complaint. Order affirmed, without costs; the examination to proceed on five days' notice. (Jaret v. Sharp & Nassoit Management Corp., 257 App. Div. 1009.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur. [See post, p. 858.]

LOUISE SARBIA et al., Respondents, v. HUDSON TRANSIT LINES, INC., Defendant, and AGNES MOSHIER, as Administratrix of the Estate of WILLIAM COGAN, Doing Business as COGAN BUS LINES, et al., Appellants.— In an action to recover damages for personal injuries allegedly suffered in the negligent operation of a bus and for loss of services, order granting respondents' motion to examine defendant Gallagher before trial modified by striking therefrom the first, and fifth items of examination, and as thus modified the order is affirmed, without costs. The first item of examination relates to matter not at issue between the parties to this appeal; and, moreover, the liability of the defendant driver does not turn upon ownership of the bus. The fifth item seeks irrelevant matters and matters covered by item 4. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

SCHAFFER STORES COMPANY, INC., Appellant, v. EDMOND TETI, Respondent. — Action to obtain an adjudication that the defendant had no right to make use of a driveway between his property and plaintiff's property in the village of Rhinebeck and to enjoin defendant from continuing to use the same. Order denying plaintiff's motion for summary judgment and granting defendant's motion for leave to serve an amended answer and for summary judgment and the judgment entered thereon unanimously affirmed, with $10 costs and disbursements. The irregularity in granting defendant's motion for summary judgment before the expiration of the time under section 244 of the Civil Practice Act within which plaintiff might serve an amended pleading did not constitute prejudicial error in view of the lack of claim that the plaintiff intended to or could serve an amended complaint that would avoid the effect of the documentary evidence. An appellate court will not reverse to vindicate a barren, naked legal right. Present — Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.